# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM CLIFFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRUCE RAUNER, ) <br> WINE, and ) <br> DIDINSKY, ) <br> ) <br> Defendants. ) | Case No. 18−cv−1667−NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff William Clifford, an inmate of the Illinois Department of Corrections currently housed at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests monetary damages of $200,000.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Upon careful review of the Complaint and supporting exhibits, however, the Court finds that it is apparent from the face of the Complaint that Plaintiff did not exhaust his administrative remedies prior to filing suit. Accordingly, this case will be dismissed.

## The Complaint

Plaintiff alleges that guards at Menard failed to protect him from his cellmate and that he was subsequently beaten by an officer. (Doc. 1, p. 6). In section three of the Complaint, Plaintiff checked "no" to the question of whether he presented facts relating to his complaint in the prisoner grievance procedure. (Doc. 1, p. 4). His explanation is that the "grievance form is

1

insufficient for complaint." *Id*. He further states that he is "not making a request for an administrative remedy." (Doc. 1, p. 5).

## **Discussion**

Failure to exhaust administrative remedies is an affirmative defense, but the Court may invoke an affirmative defense on behalf of an unserved defendant if it is clear from the face of the complaint that the defense applies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). The defense must be both apparent and unmistakable. *Walker*, 288 F.3d at 1010.

The Prison Litigation Reform Act ("PLRA") governs suits by prisoners. 42 U.S.C § 1997e. A prisoner is required to exhaust his remedies prior to filing suit. 42 U.S.C. § 1997e(a). The exhaustion requirement is dependent upon the procedures established by the State in which the prison is located. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Unexhausted claims may not be brought to court, *Id.* at 211 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)), and "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Plaintiff has explicitly and affirmatively stated that he did not exhaust any administrative remedies prior to filing suit because he believes that the grievance system is inadequate to give him the monetary damages he seeks as a remedy. Plaintiff's position is squarely foreclosed by case law. The inability of the grievance system to award monetary damages does not excuse the exhaustion requirement. A plaintiff cannot avoid Section 1997e's exhaustion requirement by seeking only damages. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 537-38 (7th Cir. 1996) ("[W]e hold that pursuit of administrative remedies is necessary no matter what relief the

plaintiff seeks."). Plaintiff has an obligation to exhaust his remedies, and his Complaint states that he failed to meet that obligation.

Accordingly, the proper step in this situation is to dismiss the case without prejudice, even if Plaintiff exhausts his remedies while the suit is pending. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

### Disposition

**IT IS HEREBY ORDERED** that this action shall be **DISMISSED without prejudice** for failure to exhaust administrative remedies. If Plaintiff wishes to proceed on his claims, he must exhaust his remedies and then initiate a new action. In light of the dismissal, Plaintiff's pending motion (Doc. 3) is **DENIED as moot**. (Doc. 3). This dismissal shall not count as a "strike" pursuant to Section 1915(g).

The Clerk of Court is directed to close this case and enter judgment.

**IT IS SO ORDERED.**

**DATED:  September 27, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**